## Wolfe, etc., v. Milk Control Commission

*George J. Biebel, S. Y. Rossiter,* and *Barber & Sennett,* for appellant.

*Frank E. Coho* and *Charles J. Ware,* Deputy Attorneys General, and *Franklin B. Hosbach,* for Milk Control Commission.

KITTS, P. J., December 19, 1940.—This case comes before the court on an appeal from the Milk Control Commission of the Commonwealth of Pennsylvania. The case was, of course, under the act, submitted upon the record of testimony taken before the commission, and argued in open court. We have carefully gone over the testimony and all the exhibits in the instant case and find that there was sufficient competent and legal evidence upon which the commission made its finding.

At the outset we may say that the sooner the producers, dealers, haulers, and the general public come to the conclusion that the Milk Control Law of April 28, 1937, P. L. 417, must be obeyed and carried into effect, the sooner we think that the general business of vending milk will be best enhanced and protected. This court has watched the work of the Milk Control Commission and believes that it is working to the very best interests of the producer, the dealer, and the general public throughout the Commonwealth of Pennsylvania. There has not been full coöperation on the part of everyone in this connection. This record

is replete with an open intention, not only on the part of the owner of this business, but by those associated with her and by the hauler and producers to enter into a connivance which was akin to a conspiracy not only to set aside the Milk Control Law, but to undermine every good thing that the Milk Control Commission had done in this community. This action should not be countenanced or tolerated by any court.

While this court determines that the order made by the Milk Control Commission is legal in accordance with the evidence submitted, we are of the opinion that it is unreasonable. A milk route is a good deal like any other business which is conducted in that manner such as a bakery route, a meat route, etc., so that an interruption of delivery for a period of six months would virtually mean that the entire enterprise of appellant was put out of business. Surely if no deliveries could be made during this period, it naturally follows that in a community where there are so many dealers all the customers of appellant would be absorbed and taken away before this period of suspension would have expired. This would be true even on a shorter period of suspension. We know of no community in the Commonwealth where the number of dealers is so out of proportion to the population as it is in Erie County which, of course, makes the work of the Milk Control Commission all the more intricate and difficult, and, should the license of this dealer be suspended, owing to the sharp competition existing in this community it would be only a matter of a few days until this dealer was put out of business.

It developed at the oral argument and was agreed to verbally by the attorneys for the Milk Control Commission and the dealer that there had been approximately the sum of $1,000 underpaid in this transaction to the producers named in the record and possibly to others. The court feels that if within 90 days the dealer, M. K. Wolfe, trading as Jersey Creamery, should pay into the hands of the Milk Control Commission or to its field representa-

tive in this community, William G. Britner, the sum of $1,000 to be distributed as reimbursement to said producers, and the suspension period cut down to a limit of five days, to be further suspended upon the future good behavior of the dealer, this would meet the ends of justice and be a reasonable order under the circumstances.

In the event that it is ascertained upon further checking of the records that the dealer had not underpaid or did not owe various producers the full sum of $1,000, any balance thereof should be returned by the commission to the dealer. However, should it be ascertained that a sum greater than $1,000 is due, in that event a pro rata distribution shall be made.

And now, to wit, December 19, 1940, the record in this case is remitted to the commission with directions to reform the findings or order in accordance with the court's opinion.